IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UBLESTER MUNDO-VIOLANTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 5:15-cv-00064 |
| v. | ) | |
| | ) | By:  Elizabeth K. Dillon |
| JOHN F. KERRY, SECRETARY OF | ) | United States District Judge |
| STATE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Following the court's July 7, 2016 order granting defendants' motion for summary

judgment, plaintiff Ublester Mundo-Violante filed a motion for reconsideration pursuant to

Federal Rule of Civil Procedure 59(e).[1]  (Mot. Recons., Dkt. No. 37.)  Mundo-Violante alleges

three reasons why the court should reconsider its decision: (1) neither the court nor defendants

provided notice regarding defendants' motion for summary judgment as required by *Roseboro v.*

*Garrison*, 528 F.2d 309 (4th Cir. 1975); (2) the court erred by considering defendants'

"abandoned" claim that Mundo-Violante failed to exhaust his administrative remedies; and (3)

the court violated Mundo-Violante's due process rights by failing to apply a relaxed pleading

standard and liberally construe his pleadings as a *pro se* plaintiff.  The court concludes that

Mundo-Violante received proper *Roseboro* notice, that the court did not consider defendant's

exhaustion argument, and that the court properly found that he failed to meet his burden of proof.

The court will therefore deny his motion for reconsideration.

---

[1] In his motion, Mundo-Violante states that he is filing pursuant to Rule 55(e).  Because there is no Federal Rule of Civil Procedure 55(e), the court will construe this as a Rule 59(e) motion.  *See Keitz v. Unnamed Sponsors of Cocaine Research Study*, No. 3:11-cv-00054, 2013 U.S. Dist. LEXIS 144003, at *2 (W.D.Va. Oct. 1, 2013) ("Unless otherwise specified, a motion for reconsideration filed within twenty-eight (28) days of the entry of judgment will be construed as a Rule 59(e) motion.").

# I. STANDARD OF REVIEW

"The Federal Rules of Civil Procedure do not expressly provide for a post-judgment 'motion to reconsider.'" *Keitz*, 2013 U.S. Dist. LEXIS 144003, at *2. Instead, courts typically construe these motions as either motions to alter or amend a judgment under Rule 59(e) or motions for relief from judgment under Rule 60(b). *Id.* (citing *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011)). When a "post-judgment motion is filed within [twenty-eight] days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e)." [2] *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978). The court will therefore construe Mundo-Violante's submission as a Rule 59(e) motion to alter or amend a judgment.

"A Rule 59(e) motion may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence . . . ; or (3) to correct a clear error of law or prevent manifest injustice.'" *Mayfield v. NASCAR*, 674 F.3d 369, 378 (4th Cir. 2012) (quoting *Zinkland v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)). This is, however, "an extraordinary remedy that should be applied sparingly." *Id.* Because Mundo-Violante does not point to any change in controlling law or ask the court to consider new evidence, the court will consider only whether the alleged errors identified by Mundo-Violante are "clear errors of law" or created a "manifest injustice."

---

[2] In *Dove*, the Fourth Circuit originally stated "within 10 days" to correspond to the Rule 59 filing requirement. Since the 2009 Amendment to Rule 59 expanded the filing period to 28 days, courts have similarly construed motions to reconsider as Rule 59 motions when submitted within that 28-day timeframe. *See e.g.*, *United States v. Prater*, 581 F. App'x 219, 220 (4th Cir. 2014); *Hinton v. O'Connor*, No: 7:14-cv-00197, 2016 U.S. Dist. LEXIS 80182, at *1 n.1 (W.D. Va. June 20, 2016); *Keitz*, 2013 U.S. Dist. LEXIS 14403, at *2.

## II. DISCUSSION

**A. Roseboro Notice**

Mundo-Violante argues that the court granted summary judgment "without the required notice pursuant to *Roseboro*," and that it further failed to provide a "form of notice sufficiently understandable to one in [his] circumstances." (Mot. Recons. 2–3.) It is unclear whether Mundo-Violante intends to assert that he did not receive notice or that he received deficient notice. The court will therefore address both arguments.

*Roseboro* requires courts within the jurisdiction of the Fourth Circuit to advise a *pro se* plaintiff of both his right to file responsive material and the possibility that a failure to respond may result in the court finding against the plaintiff. 528 F.2d at 310. By requiring notice, the Fourth Circuit sought to provide a *pro se* litigant the "reasonable safeguard" of being "advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him." *Id.* (quoting *Hudson v. Hardy*, 412 F.2d 1091, 1094 (D.C. Cir. 1968)). Such notice is especially important when it concerns a dispositive motion because a failure to respond could result in the dismissal of the action or summary judgment against the *pro se* party. *Id.* Accordingly, "before entering summary judgment against appellant, the District Court, as a bare minimum, should have provided [Plaintiff] with fair notice of the requirements of the summary judgment rule." *Id.* (quoting *Hudson*, 412 F.2d at 1094).

On January 20, 2016, the court mailed Mundo-Violante a notice of defendants' motion. (Dkt. No. 16.) Pursuant to *Roseboro*, the notice informed him that "[i]f Plaintiff does not respond to Defendants' pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant[s] state[] in their responsive

pleading(s)." (*Id.*) Furthermore, it suggested that Mundo-Violante "may wish to respond with counter-affidavits or other additional evidence," and that failure to respond within twenty-one days may lead to dismissal of his case. *Id.* Thus, the court finds that the notice provided to Mundo-Violante satisfied the requirement outlined in *Roseboro*.

The court recognizes, however, that Mundo-Violante, who has otherwise responded timely, failed to respond within the twenty-one days provided in the court's notice. Instead, he filed only motions to strike the declarations introduced in support of defendants' motion to dismiss or for summary judgment. While this may support Mundo-Violante's assertion that he did not receive the requisite notice, the court later provided additional notice in its memorandum opinion denying his motions to strike. (Mem. Opinion 12, Dkt. No. 27.) There, the court specifically noted that "[h]is response should include any additional documents or sworn testimony that he wants the court to consider, and it should address the primary contentions raised by defendants' motion," and the court extended the time for Mundo-Violante to respond by an additional twenty-one days. *Id.* Moreover, Mundo-Violante clearly received the notice provided within the court's memorandum opinion because he refers to the denial of his motions to strike in his subsequent response to defendants' motions. (Verified Resp. 9, Dkt. No. 29.)

Accordingly, the court concludes that Mundo-Violante received sufficient notice pursuant to *Roseboro* and that such notice was "sufficiently understandable to one in [his] circumstances." *Roseboro*, 528 F.2d at 310 (quoting *Hudson v. Hardy*, 412 F.2d 1091, 1094 (D.C. Cir. 1968)).

## B. Exhaustion of Administrative Remedies

Mundo-Violante contends that the court erred by considering defendants' argument that he failed to exhaust his administrative remedies. Additionally, he asserts that the court should not have relied upon or weighed exhibits submitted along with defendants' motion to dismiss and

for summary judgment after defendants opted not to pursue their exhaustion argument.  Because defendants "abandoned" this argument, he claims that his complaint is, in effect, unopposed. The court disagrees.

### 1. The Court Did Not Consider Defendants' Exhaustion Argument

Contrary to Mundo-Violante's assertion, the court did not consider defendants' argument in support of their Rule 12(b)(1) motion to dismiss that Mundo-Violante failed to exhaust his administrative remedies.  In fact, the court explicitly stated that it would not address that argument because defendants opted not to pursue it. (Mem. Opinion 1 n.1, Dkt. 35.)   So, Mundo-Violante has not shown that reconsideration is appropriate on this asserted basis.

### 2. The Court Did Not Err In Reviewing and Weighing Defendants' Exhibits

Mundo-Violante claims that the court "improperly weighed administrative evidence." (Mot. Recons. 4.)  The court reads this as two different arguments: (1) that the court considered evidence that was outside the scope of summary judgment; and (2) that the court improperly acted as a fact-finder by weighing evidence.

Parties must support their motions for summary judgment by "citing to particular parts of materials in the record  [or by] showing that the materials cited do not establish the absence or presence of a genuine dispute."  Fed. R. Civ. P. 56(c)(1).  Where a party refrains from citing a particular document, however, the court may still consider that or "other materials in the record." Fed. R. Civ. P. 56(c)(3).  Therefore the court did not err by considering the documentation submitted along with defendants' motion to dismiss or for summary judgment.

While Mundo-Violante correctly states that "it is not the court's job to weigh the evidence . . . or disregard stories that seem hard to believe," (Mot. Recons. 4–5 (quoting *Gray v. Spillman*, 925 F.2d 90, 95 (4th Cir. 1991)), this instruction from the Fourth Circuit does not

5

preclude the court from considering evidence in the record.  To the contrary, the court is required to review competent summary judgment evidence to determine whether any genuine disputes of material fact exist.  Fed. R. Civ. P. 56(a).  Mundo-Violante had the burden of proving his citizenship, yet he could not point to anything in the record that supported his position aside from mere assertions or denials of defendants' factual allegations.  Thus, in determining that Mundo-Violante failed to establish a genuine issue of material fact, the court did not weigh evidence.  Instead, it merely concluded that Mundo-Violante could not establish his citizenship under the burden assigned to him because he could not establish he had been lawfully admitted for permanent residence under the CCA.  (Mem. Op. 8, Dkt. No. 35.)  As noted in the court's prior opinion, moreover, the issue of his LPR status "raises a pure question of law."  (*Id.* (quoting *Walker v. Holder*, 589 F.3d 12, 17–18 (1st Cir. 2009)).

### 3. Plaintiff's Complaint was Not "Unopposed"

Mundo-Violante additionally claims that defendants' motion for summary judgment was "improperly placed before the court," and that, accordingly, his "complaint is the equivalent of an unopposed affidavit for summary judgment purposes."[3]  (Mot. 5.)  He compares his situation to that in *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979), where the court construed a 12(b)(6) motion as a motion for summary judgment.  There, the Fourth Circuit vacated and remanded the district court's decision because it found that the district court did not provide notice to plaintiff before converting the motion to one for summary judgment.  Unlike in *Davis*,

---

[3] It is possible Mundo-Violante may have intended to argue that his verified complaint serves as an opposing affidavit for defendants' summary judgment motion per *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).  While Mundo-Violante is subject to a relaxed pleading standard, he must still show a genuine issue of material fact in order to survive summary judgment.  *See, e.g.*, *Whitebey v. Sarrge*, No. 7:11-cv-00105, 2011 U.S. Dist. LEXIS 145433 (W.D. Va. Dec. 16, 2011) (noting that a verified complaint may be considered as an opposing affidavit on summary judgment, but granting defendants' motion nonetheless); *Helmbright v. Davis*, No. 5:04-cv-69, 2006 U.S. Dist. LEXIS 30472, at *10 (N.D.W. Va. May 12, 2006) (citing *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990)) ("[T]his standard does not relieve a *pro se* plaintiff of his obligations under the Federal Rules of Civil Procedure.").

however, defendants here simultaneously filed a 12(b)(1) motion to dismiss and a motion for summary judgment. As discussed above, Mundo-Violante also received proper notice of defendants' motion for summary judgment. The court concludes, therefore, that defendants' motion was properly before the court.

**C.** *Pro Se* **Pleading Standard**

Mundo-Violante claims that the court denied him due process by failing to hold him, as a *pro se* plaintiff, to a less stringent pleading standard. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers"). When a plaintiff proceeds *pro se*, the court must liberally construe his or her pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But this requirement merely enables the court to interpret unclear factual allegations in favor of the *pro se* party. It does not supplant the legal standards that the court must apply when deciding a case on summary judgment. *Id.* (reversing a district court's decision to dismiss a claim for insufficient factual pleadings, but noting that "the proper application of the controlling legal principles to the facts is yet to be determined").

In this action pursuant to § 1503(a), "the 'burden of proof is on the claimant to prove that [he or] she is an American citizen.'" *Abimbola v. Clinton*, No. 11-cv-3677, 2012 U.S. Dist. LEXIS 158967, at *5–6 (D. Md. 2012) (quoting *De Vargas v. Brownell*, 251 F.2d 869, 871 (5th Cir. 1958)). Mundo-Violante's petition discussed several methods by which he believes he obtained United States citizenship, but his arguments failed to meet the burden set out in § 1503(a). Even liberally construing Mundo-Violante's pleadings, the court could not identify a genuine issue of material fact. Furthermore, defendants submitted additional documentation supporting their contention that Mundo-Violante never obtained United States citizenship.

Accordingly, the court properly concluded that Mundo-Violante could not prevail as a matter of law.

### III.  CONCLUSION

For the foregoing reasons, the court denies Mundo-Violante's motion for reconsideration.

Entered: February 27, 2017.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge